UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAUL STURGEON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-17-090 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER OF DISMISSAL

Petitioner Paul Sturgeon, a state prisoner, has filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, again seeking relief from a state court conviction and sentence. (Docket Entry No. 1). After a review of court records, the Court concludes that the petition must be dismissed as successive.

### I. Successive Petition

Court records indicate that petitioner has filed at least one prior petition for habeas corpus relief of his June 23, 2011 conviction for theft of a 2010 Ford Mustang in cause number 1280723 in the 248th Judicial District Court of Harris County, Texas. *See Sturgeon v. Davis*, Civ. A. No. H-15-2628 (S.D. Tex. 2016) (dismissing the petition on the merits). Petitioner again raises the same or similar claims that he raised in his previous petition, that is, he claims that he is actually innocent based on newly discovered evidence, because his indictment was allegedly defective, and because the prosecutor allegedly withheld exculpatory evidence. *See* Docket Entry No. 1; *Sturgeon*, Civ. A. No. H-15-2628. Therefore, this Court is required to dismiss those claims. *See* 28 U.S.C. §2244(b)(1).

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997). There is no

indication on the record that the United States Court of Appeals for the Fifth Circuit has authorized this court to consider petitioner's successive petition. Therefore, this Court lacks jurisdiction to consider petitioner's habeas claims. *See* 28 U.S.C. § 2244(b)(3). Accordingly, this action is **DISMISSED** without prejudice to petitioner seeking authorization from the Court of Appeals to proceed in this Court on any new claims.

## II.     Certificate of Appealability

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.; Beazley v. Johnson,* 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley,* 242 F.3d at 263 (quoting *Slack,* 529 U.S. at 484); *see also Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir.2000). A district court may deny a certificate of appealability, *sua sponte,* without requiring further briefing or argument. *Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth in the Memorandum and Order on Dismissal, the Court has determined that petitioner has not made a showing that reasonable jurists could disagree regarding the

Court's procedural ruling. Therefore, a certificate of appealability from this decision will not issue.

### III. Conclusion and Order

Based on the foregoing, the Court **ORDERS** as follows:

1. This action is **DISMISSED** without prejudice as a successive petition.

2. A certificate of appealability is **DENIED**.

3. All other pending motions, if any, are **DENIED**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, this 24th day of January, 2017.

                                              */s/ Melinda Harmon*
                                              MELINDA HARMON
                                    UNITED STATES DISTRICT JUDGE